UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Anthony Gil,

   Plaintiff,

v.               Civil Action No. _____

Samantha Albright, individual capacity;

Elian Taveras, individual capacity;

Leah Sullo, Director of Child Support Enforcement, individual and official capacity,

   Defendants.

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

PURSUANT TO 42 U.S.C. § 1983 AND FEDERAL REGULATIONS

INTRODUCTION

1. This is a civil rights action brought by Plaintiff Anthony Gil, pro se, pursuant to 42 U.S.C. § 1983, for egregious violations of his constitutional rights by state actors and private individuals acting under color of law, relating to improper paternity and child support determinations.

2. Plaintiff seeks compensatory and punitive damages in the amount of $1,076,640 for the deprivation of liberty and property without due process of law in violation of the Fourteenth

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Amendment to the U.S. Constitution.

JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights violations), and 42 U.S.C. § 1983.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this complaint occurred in the Commonwealth of Massachusetts.

FACTUAL ALLEGATIONS

5. Plaintiff did not sign a Voluntary Acknowledgment of Paternity (AOP) under Massachusetts law, nor was he provided any written or verbal explanation of the legal consequences or rights associated with acknowledging paternity. Confirmed by mother as well in a pre-trial in Lawrence Probate Court on 06/16/2025.

6. Plaintiff only signed a birth certificate, and did so under coercion and threat from the child's mother, Elian Taveras. No DNA testing was conducted. No explanation of rights was provided. This violates 45 CFR § 303.5(g)(1)-(2), which mandates that states must inform individuals of the consequences of signing acknowledgments of paternity and provide due process.

7. Plaintiff never submitted any financial documents to the Department of Revenue or Child Support Enforcement.

8. Despite this, Defendants unlawfully initiated a Title IV-D child support action against the Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

without his consent or proper legal establishment of paternity, in violation of his federal due process rights.

9. The resulting child support order was entered based entirely on hearsay and speculative income assessments, violating fundamental principles of procedural due process under the Fourteenth Amendment.

10. Plaintiff was subjected to enforcement actions including a $76,641.68 levy on his personal bank accounts, threats to suspend his driver's license, and withholding of his passport without opportunity to contest the basis of these actions.

11. Defendant Samantha Albright participated in this process knowing that Plaintiff had not signed an AOP or submitted verified financial disclosures, and failed to protect his constitutional rights.

12. Defendant Elian Taveras knowingly provided false information to state agencies regarding Plaintiff's income and paternity status.

13. Defendant Leah Sullo, in her official and individual capacity, allowed enforcement to proceed despite the lack of jurisdictional basis and the absence of valid paternity establishment, thereby violating federal law.

COUNT I - 42 U.S.C. § 1983 - Denial of Due Process (Fourteenth Amendment)

COUNT II - Violation of 45 CFR § 303.5 - Improper Paternity Establishment Procedures

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

COUNT III - Abuse of Process and Malicious Prosecution under Color of Law

COUNT IV - Unlawful Seizure of Property in Violation of the Fourth and Fourteenth Amendments

COUNT V - Trespass to Chattels (Common Law)

14. Plaintiff further asserts a common law claim for trespass to chattels, as recognized under Massachusetts law.

15. The Defendants, acting without lawful jurisdiction or consent, caused the unlawful seizure and freezing of Plaintiff's personal bank accounts, which constitutes Plaintiff's private chattel property.

16. The levy in the amount of $76,641.68, executed without due process or a valid legal basis, interfered with Plaintiff's lawful use, access, and enjoyment of his own property, and caused substantial economic harm.

17. Such actions amount to a direct and unlawful trespass to Plaintiff's chattel and personal effects, which were never lawfully encumbered by any valid judgment or legal acknowledgment of paternity.

18. The Court should find that Defendants' actions were deliberate, malicious, and conducted with reckless disregard of Plaintiff's constitutional rights and property interests.

**PERSONAL HARDSHIP AND DAMAGES**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

19. As a direct result of Defendants' actions, Plaintiff has suffered significant financial, emotional, and reputational harm.

20. Plaintiff has been forced to appear in court repeatedly over the past year to address violations related to a child support order that was entered unlawfully and without fair due process.

21. Plaintiff has expended considerable resources defending himself in family court proceedings and attempting to assert his rights through proper legal channels, all without access to proper financial documentation or legal support.

22. The wrongful levy on Plaintiff's personal bank accounts has left him unable to pay his own living expenses, bills, and obligations, placing him in a state of economic hardship and financial insecurity.

23. The persistent enforcement actions, including threats of license suspension, have interfered with Plaintiff's ability to maintain employment and housing stability.

24. The damages arising from these violations are ongoing and cumulative, warranting compensatory and punitive relief from this Court.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Declare that the actions of Defendants violated Plaintiff's rights under the U.S. Constitution and

federal regulations;

b) Award Plaintiff compensatory and punitive damages in the amount of $1,076,640;

c) Award costs and any further relief the Court deems just and proper.

Respectfully submitted,

Anthony Gil

Plaintiff, Pro Se

Date: June 17, 2025

*[signature]*